DANIEL G. BOGDEN
United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
702-388-6336 / Fax: 702-388-6418

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-047-KJD-NJK |
| Plaintiff, | **STIPULATION AND ORDER FOR PROTECTIVE ORDER** |
| vs. | |
| PETER ARGYRIS, and, JOANN ARGYRIS, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by and through counsel, DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and PHILLIP N. SMITH, JR., Assistant United States Attorney, and William B. Terry, Esq., of the Law Offices of William B. Terry, Chartered, counsel for Defendant PETER ARGYRIS, and Osvaldo E. Fumo, Esq., of the Law Offices of Pitaro & Fumo, counsel for Defendant JOANN ARGYRIS, that a Protective Order issue in this case with regards to certain discovery materials including the identity of certain witnesses.[1]

This Stipulation is being entered into for the following reasons:

---

[1] The Government is separately providing the Court—*ex parte*, *in camera*, and filed under seal—a copy of the materials the Government wishes to produce under a Protective Order.

1

1. The Defendants are not legally entitled to the materials subject to this Stipulation and Order at this procedural juncture, and the Government intends on filing a Government Disclosure Statement which calls for *Jencks* and related *Giglio* material to be produced 14 days before trial, which is anticipated to be continued based on a pending Stipulation between the parties (*see* Docket #17).

2. The Government has informed defense counsel that it will produce *Jencks* and related *Giglio* material, well in advance of trial, while iterating that the Government believes that a Protective Order is necessary with respect to some of the *Jencks* material as well as with respect to certain other discovery items. Specifically, the Government has determined that certain discoverable documents, including but not limited to reports of interviews and grand jury transcripts, contain sensitive information and, based on the sensitive information contained in those documents, the identity of certain witnesses and their statements should be closely guarded. In order to protect the confidential nature of such information, the parties request that the Court order that the Government should disclose "Confidential Discovery" related to those witnesses subject to the following conditions:

  a. None of the materials marked or deemed "Confidential Discovery," including any reference to the identity of any witness who provided a statement that has been marked "Confidential Discovery" (hereinafter "confidential witness") or the content of his or her statement(s), may be shared with or provided to any defendant, any witness, or any other person nor may it be otherwise disseminated or disclosed.

  b. None of the materials marked or deemed "Confidential Discovery," including any reference to the identity of any confidential witness or the content of his

2

or her statement(s), may be included in any pre-trial motion, pleading, or other document filed with the Court unless such document is filed under seal.

  c. If a party is considering using at a pre-trial hearing any of the materials marked "Confidential Discovery"—including any reference to the identity of any confidential witness or the content of his or her statement(s)—the party will so advise the Court in advance of the hearing, and the other parties will be given an opportunity to object to such information's use.  If, after any objections, the Court determines that such confidential information may be used during the hearing, the party seeking to use or refer to such information—at the time the party intends to introduce it—will request that the Court receive the information only in the presence of Government counsel and defense counsel and other court personnel as deemed by the Court.  The parties will also ask the Court to ensure that the transcript be appropriately designated as containing "Confidential Discovery."

  d. If defense counsel or anyone working for on behalf of defense counsel interviews any confidential witness, the defense team will treat the information received from that witness as "Confidential Discovery," including the identity of the confidential witness, in accordance with the restrictions set forth in paragraphs a. through c.

 3. The parties request that the Court enter a Protective Order that also provides that the conditions set forth in paragraph 2 above apply to all members of each defense team, including any defense attorney, investigator, paralegal, or legal assistant, as well as any of their successors.  The parties also request that the Court order that nothing in the Court's Protective Order may be

3

construed as prohibiting the use of Confidential Discovery or confidential witnesses at any trial or hearing in this criminal proceeding.

4. The parties also request that the Court order that in the event of an inadvertent disclosure of Confidential Discovery, including any reference to the identity of any confidential witness or the content of his or statement(s), the party making or learning of the inadvertent disclosure will immediately:

    a. Notify the person to whom the disclosure was made that it contains Confidential Discovery subject to a Protective Order;

    b. Make all reasonable efforts to preclude dissemination or use of the Confidential Discovery by the person to whom disclosure was inadvertently made;

    c. Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d. Notify the Court in writing under seal.

5. The parties also request that the Court order that nothing in the Court's Protective Order is intended to restrict the use of information or documents that are lawfully obtained or publicly available to a party independently of the Confidential Discovery, whether or not the same material has been designated as Confidential Discovery.

. . .

. . .

. . .

. . .

6.     The parties also request that the Court order that nothing in the Court's Protective Order is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

Respectfully submitted this 18th day of March, 2015.

| /s/ | /s/ |
|---|---|
| PHILLIP N. SMITH, JR. | WILLIAM B. TERRY, ESQ. |
| Assistant United States Attorney | Law Offices of William B. Terry, Chartered |
| Counsel for the United States | Counsel for Defendant PETER ARGYRIS |

/s/
_____
OSVALDO E. FUMO, ESQ.
Law Offices of Pitaro & Fumo
Counsel for Defendant JOANN ARGYRIS

5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:15-CR-047-KJD-NJK |
| Plaintiff, | ) **PROTECTIVE ORDER** |
| vs. | ) |
| PETER ARGYRIS, and, JOANN ARGYRIS, | ) |
| Defendants. | ) |

Based upon the pending Stipulation of counsel, and for good cause shown, it is hereby ORDERED as follows:

1. The parties' request for a Protective Order is GRANTED.

2. The Government's disclosure of "Confidential Discovery" shall be made subject to the following conditions:

    a. None of the materials marked or deemed "Confidential Discovery," including any reference to the identity of any witness who provided a statement that has been marked "Confidential Discovery" (hereinafter "confidential witness") or the content of his or her statement(s), may be shared with or provided to any defendant, any witness, or any other person nor may it be otherwise disseminated or disclosed.

    b. None of the materials marked or deemed "Confidential Discovery," including any reference to the identity of any confidential witness or the content of his

6

or her statement(s), may be included in any pre-trial motion, pleading, or other document filed with the Court unless such document is filed under seal.

  c. If a party is considering using at a pre-trial hearing any of the materials marked "Confidential Discovery"—including any reference to the identity of any confidential witness or the content of his or her statement(s)—the party will so advise the Court in advance of the hearing, and the other parties will be given an opportunity to object to such information's use.  If, after any objections, the Court determines that such confidential information may be used during the hearing, the party seeking to use or refer to such information—at the time the party intends to introduce it—will request that the Court receive the information only in the presence of Government counsel and defense counsel and other court personnel as deemed by the Court.  The parties will also ask the Court to ensure that the transcript be appropriately designated as containing "Confidential Discovery."

3. Nothing in this Protective Order may be construed as prohibiting the use of Confidential Discovery or confidential witnesses at any trial or hearing in this criminal proceeding.

4. In the event of an inadvertent disclosure of Confidential Discovery, including any reference to the identity of any confidential witness or the content of his or her statement(s), the party making or learning of the inadvertent disclosure will immediately:

  a. Notify the person to whom the disclosure was made that it contains Confidential Discovery subject to a Protective Order;

  b. Make all reasonable efforts to preclude dissemination or use of the Confidential Discovery by the person to whom disclosure was inadvertently made;

7

   c. Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

   d. Notify the Court in writing under seal.

 5. This Protective Order applies to all members of each defense team, including any defense attorney, investigator, paralegal, or legal assistant, as well as any of their successors.

 6. Nothing in this Protective Order may be construed to restrict the use of information or documents that are lawfully obtained or publicly available to a party independently of the Confidential Discovery, whether or not the same material has been designated as Confidential Discovery.

 7. Nothing in this Protective Order may be construed to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

**IT IS SO ORDERED.**

DATED this _19th_ day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE